## JOHN RINGO *v.* THE STATE.

1. INDICTMENT—AMENDABLE DEFECTS.—Formal defects in an indictment, amendable under the Code of Criminal Procedure, must be taken advantage of before a plea of not guilty, or a change of the venue.

2. CHARGE OF THE COURT—ALTERNATIVE PENALTIES.—Article 76 of the Penal Code (repealed in 1876) provided that for an offense punishable by the penitentiary, or by fine as an alternative, the jury might substitute the county jail in lieu of the penitentiary. *Held*, that, on the trial of an offense committed while that Article was in force, and to which it was applicable, the court below, whether asked or not, should have given it in charge to the jury; and its omission was error. (On rehearing.)

APPEAL from the District Court of Lampasas. Tried below before the Hon. E. B. TURNER.

The indictment was presented in February, 1876, and charged the appellant with threatening to take the life of J. J. Strickland, on the 27th of the preceding December. The trial was had in March, 1876, in Lampasas county, to which the venue had been changed from Burnet, where the indictment was found.

It will be observed that a rehearing was allowed, and the case reversed and remanded.

*Makemson, Posey & Fisher*, for the appellant.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

WINKLER, J. The indictment is sufficient to charge the offense created by Article 784 of the Penal Code. Pasc. Dig., Arts. 6585, 6586.

If there were mere formal defects in the indictment, such as could have been cured by amendment under the provisions of the Code of Criminal Procedure, they should have been taken advantage of before the change of venue was granted, and before the plea of not guilty was entered.

The question as to whether the threat was seriously made was fairly submitted to the consideration of the jury, in the following paragraph of the charge :

" In order to render a person guilty of the offense provided for in this chapter, it is necessary that the threat be seriously made, and it is for the jury to determine whether the threat, if made, was seriously made, or was merely idle, and with no intention of executing the same."

The jury were properly instructed as to the legal presumption of innocence, and the reasonable doubt. Some of the testimony admitted for the prosecution may possibly have been irrelevant, but under the charge of the court it is not perceived that any error in this respect can be reasonably supposed to have prejudiced the rights of the accused.

There was but little conflict in the evidence ; none that was beyond the reach of the jury to pass upon.

There is sufficient evidence to support the charge, and which is neither inconsistent nor contradicted.

The judgment is affirmed.

[Subsequent to the delivery of the foregoing opinion, appellant's counsel moved for a rehearing, on the ground of the omission of the court below to give in charge to the jury the alternative penalties which, by operation of Article 76 of the Penal Code (Pasc. Dig., Art. 1678), were applicable to the offense. The motion for a rehearing elicited the opinion which here follows.—REPORTERS.]

WINKLER, J. The motion for rehearing is granted, and the judgment rendered in this case on a former day of the present term is set aside.

On a reconsideration of this case it is the opinion of this court that the judgment must be reversed because of error of the court in failing to charge the alternative punishment

prescribed in Article 76 of the Penal Code (Pasc. Dig., Art. 1678), which was in force at the time the trial was had below.

*Reversed and remanded.*